■ WHCS REAL ESTATE LIMITED PARTNERSHIP, Plaintiff, v 33 GREENWICH OWNERS CORP., Appellant-Respondent, and GREENWICH REALTY Co. et al., Respondents-Appellants, et al., Defendants. [663 NYS2d 171] —Order, Supreme Court, New York County (Walter Tolub, J.), entered June 25, 1996, which, in a mortgage foreclosure action, granted the receiver's motion insofar as it sought a declaration that the garage and laundry leases between defendant cooperative, as landlord, and an affiliate of the sponsor, as tenant, were terminated on February 14, 1994, and denied the remainder of the receiver's motion, including summary judgment on his claims for immediate possession of the garage and laundry facilities, damages and use and occupancy from February 14, 1994, unanimously affirmed, without costs.

We agree with the IAS Court that for purposes of ascertaining the commencement of the two-year period a cooperative has under Condominium and Cooperative Abuse Relief Act (15 USC) § 3607 to terminate "sweetheart" leases, the actual termination of the sponsor's control over the cooperative is the governing event, not any assumed, purportedly automatic loss of voting control over the cooperative's Board of Directors, under 13 NYCRR 18.3 (v) (5), no later than five years after the conversion. The IAS Court properly found that, although the sponsor here purported to relinquish its control over the cooperative's Board on January 7, 1992, some six weeks after the five-year deadline, by appointing to the Board two residents of the building, it actually did not terminate its control until July 1992, when the shareholders first elected an independent

Board; and that the cooperative's notices of termination of the subject leases, dated November 16, 1993 but in terms not effective until February 14, 1994, were therefore within the two-year period. While the cooperative is entitled to possession of the premises, such relief may not be granted since it was never specifically requested by the receiver and no application therefor has otherwise yet been formally made. We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Wallach, Nardelli, Tom and Colabella, JJ. [*See*, 168 Misc 2d 721.]